UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID RIGGINS,

    Plaintiff,

v.                           CASE NO. 8:12-CV-1755-T-17TBM

POLK COUNTY PROCUREMENT
DEPARTMENT,

    Defendant.
_____/

ORDER

This cause is before the Court on:

Dkt. 5   Motion to Dismiss
Dkt. 6   Response

Pro se Plaintiff' David Riggins' Complaint alleges discrimination on the basis of gender, in violation of Title VII of the Civil Rights Act of 1964, and Sec. 287.097(4), Florida Statutes. The alleged discrimination was in connection with the award of Quote 12-037. (Dkt. 1, pp. 9-10). Plaintiff Riggins has attached exhibits to the Complaint, including Plaintiff's Charge of Discrimination dated April 27, 2012.

Defendant Polk County has moved to dismiss Plaintiff's Complaint. Plaintiff Riggins opposes Defendant's Motion to Dismiss.

I. Standard of Review

A. Rule 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short

Case No. 8:12-CV-1755-T-17TBM

and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570.   A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

B. Pro Se Plaintiff

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998).  However, a pro se litigant is not excused from compliance with a Court order or other judicial or statutory deadlines. See Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir.1999) (holding that "the problem here is not one of construction: instead, the problem is one of lack of compliance with a deadline imposed by law. Liberal construction does not mean liberal deadlines.").

Case No. 8:12-CV-1755-T-17TBM

II. Discussion

Defendant has moved to dismiss the Complaint for several separate reasons, which the Court will address below.

A. Failure to Exhaust

Defendant argues that Plaintiff failed to exhaust administrative remedies.

Plaintiff responds that Plaintiff received a Notice of Right to Sue as to Plaintiff's Charge of Discrimination on May 9, 2012.

After consideration, the Court denies the Motion to Dismiss as to this issue.

B. No Private Cause of Action Based on Sec. 287.094(4), Florida Statutes

Defendant argues that there is no private cause of action based on Sec. 287.094(4), Florida Statutes. Defendant argues that the statute provides an administrative remedy, and there is no explicit or implicit authorization for a private cause of action to be brought in state or federal court.

Sec. 287.094(4), Florida Statutes, provides:

> (4) No agency shall deny any contractor, firm, or individual a fair opportunity to compete in the public procurement of commodities and services based on race, national origin, gender, religion, or physical disability, which for purposes of this subsection constitutes prohibited discrimination. Complaints alleging prohibited discrimination by an agency in its public procurement may be filed with the Office of Supplier Diversity within 60 days after the facts giving rise to the complaint are known or

> reasonably should have been discovered. Any complaint shall be filed in writing and must set forth the specific facts giving rise to the claim of prohibited discrimination. The Office of Supplier Diversity shall, within 10 days, refer the complaint to the Inspector General for the agency that is the subject of the complaint, who shall coordinate a prompt investigation and issue written findings of fact. These findings shall be reviewed by the Chief Inspector General or his or her designee, who is authorized to conduct any further investigation deemed necessary or appropriate. Upon a final determination that an agency has abused its discretion by engaging in prohibited discrimination, the Chief Inspector General shall refer any state employee determined to have participated in the prohibited discrimination for disciplinary action in accordance with chapter 60K(9), Florida Administrative Code, and subsequently enacted rules, up to and including termination.

Plaintiff has not provided any authority that would support a private cause of action based on the language of the above statute.

After consideration, the Court grants the Motion to Dismiss as to this issue.

C. Section 1983 Claim

Defendant argues that, to the extent that Plaintiff is asserting liability against Polk County on the basis of respondeat superior, a local government may not be sued for constitutional violations under respondeat superior, but can only be held liable for constitutional violations when the constitutional deprivation arises from a government policy or custom. Monell v. Department Social Services of City of New York, 98 S.Ct. 2018, 2037 (1978). The policy must be driving force behind the violation. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). Defendant also argues that, to the extent that any Section 1983 claim is based on Sec. 287.094(4), Florida Statutes, a state law cannot be the basis of a Sec. 1983 claim.

After consideration, the Court grants the Motion to Dismiss as to this issue, with leave to file an Amended Complaint within fourteen days.

Case No. 8:12-CV-1755-T-17TBM

D. Insufficient Factual Allegations

Defendant argues that the Complaint does not include sufficient factual matter to state a claim for relief.

Plaintiff responds that the Complaint is direct and to the point, and with the attached EEOC charge presents the basis for Plaintiff's claim.

After consideration, the Court grants the Motion to Dismiss as to this issue, with leave to file an Amended Complaint within fourteen days. The present Complaint does not comply with the following Federal Rules of Civil Procedure:

**Rule 8. General Rules of Pleading**

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

......

**Rule 10. Form of Pleadings**

.....

**(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a

5

Case No. 8:12-CV-1755-T-17TBM

> paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

The allegations that Plaintiff included in the Response do not solve the problem of the absence of factual allegations in Plaintiff's Complaint. Whatever claims Plaintiff intends to assert must be presented in one whole document, the First Amended Complaint, which shall be filed within fourteen days. Litigation is **not** a guessing game. A defendant is entitled to notice of what claims Plaintiff is asserting, and the factual and legal basis for those claims. The Court directs Plaintiff's attention to the standard of review for Rule 12(b)(6) above. In filing an Amended Complaint, Plaintiff is directed to:

1. Comply with Fed. R. Civ. P. 8(a) and 10(b);
2. Attach the Notice of Right to Sue;
3. Correct the name of Defendant: "Polk County, a political subdivision of the State of Florida."

Accordingly, it is

**ORDERED** that the Motion to Dismiss (Dkt. 5) is **granted** in part and **denied** in part as stated above. Plaintiff shall file an Amended Complaint within fourteen days. Plaintiff shall comply with the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and this Order. Failure to comply may have adverse consequences, including dismissal of Plaintiff's lawsuit.

Case No. 8:12-CV-1755-T-17TBM

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 20th day of September, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record