UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID RIGGINS,

      Plaintiff,

v.                         CASE NO.  8:12-CV-1755-T-17TBM

POLK COUNTY, etc.,

      Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt.  14   Motion to Dismiss Amended Complaint
Dkt.  15   Motion to Strike
Dkt.  16   Response
Dkt.  17   Response

Plaintiff David Riggins filed an Amended Complaint (Dkt. 11), in which Plaintiff alleges discrimination based upon race and gender in the award of Polk County quote 12-037, in that Plaintiff was the lowest qualified bidder but failed to receive the contract award due solely to his race and gender in violation of Title VII of the Civil Rights Act of 1964, as amended.

I.  Standard of Review

A.  Fed. R. Civ. P. 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007),

Case No. 8:12-CV-1755-T-17TBM

but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

B. Pro Se Plaintiff

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam).  Pro se litigants are required to comply with procedural rules.  Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

The Court notifies Plaintiff Riggins that Plaintiff is subject to the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of Florida.

2

Case No. 8:12-CV-1755-T-17TBM

## II.  Discussion

Defendant Polk County moves to dismiss because there is no employer/employee relationship, and alternatively because the documents filed by Plaintiff with his Complaint contradict Plaintiff's allegation of discrimination on the basis of race.  The contract was awarded to a business owned by a white female, and Plaintiff is a white male.

## A.  Title VII

The Notice of Right to Sue states that the EEOC is closing its file on Plaintiff claim, as the relationship between Plaintiff and Polk County is "[n]ot an employer/employee relationship."  (Dkt. 11, Exh. 3).  Defendant moves to dismiss because Title VII is directed to and protects only employees or potential employees. Plaintiff does not allege that there was an employer/employee relationship between Plaintiff and Polk County; Plaintiff was seeking to become an independent contractor for Polk County.

In response, Plaintiff argues that his Amended Complaint is intended to include claims under the Civil Rights Act of 1964, as amended, and the Fourteenth Amendment to the U.S. Constitution, which provides for Equal Protection of the Laws.  Plaintiff cites Engineering Contractors Association of South Florida, Inc. v. Metropolitan Dade County, 122 F.3d 895 (11th Cir. 1997).

The gravamen of Plaintiff's Amended Complaint is that D.C. Riggins, Inc. was the lowest qualified bidder in the competitive bid process for the contract for Pump Station Maintenance, but the contract was awarded to American Hydraulics, Inc., the

3

Case No. 8:12-CV-1755-T-17TBM

second lowest qualified bidder, a registered W/MBE, pursuant to Polk County
Ordinance 10-005. The Court understands that Plaintiff is challenging the
constitutionality of Polk County Ordinance 10-005, as applied to the bid process in
which D.C. Riggins, Inc. participated.

After consideration, the Court grants Defendant's Motion to Dismiss the
Amended Complaint as to the Title VII claim, with leave to file a Second Amended
Complaint within fourteen days which excludes the Title VII claim and which includes
specific allegations as to Plaintiff's equal protection claim.

B. Fed. R. Civ. P. 17(a)

Fed. R. Civ. P. 17(a) provides that an action must be prosecuted in the name of
the real party in interest.   Plaintiff signed the Amended Complaint in his capacity as
President of D.C. Riggins, Inc. (Dkt. 11, p. 11).   Given the factual allegations in the
Amended Complaint, the real party in interest is D.C. Riggins, Inc.

The Court directs Plaintiff's attention to Local Rule 2.03(e):  A corporation may
appear and be heard only through counsel admitted to practice in the Court pursuant to
Rule 2.01 or Rule 2.02.

After consideration, the Court grants leave to Plaintiff to file an Amended
Complaint which includes D.C. Riggins, Inc. as Plaintiff, within fourteen days. Upon the
filing of the Second Amended Complaint, D.C. Riggins, Inc. shall comply with Local
Rule 2.03(e).

C. Motion to Strike

Plaintiff moves to strike Dkts. 8 and 9 because Plaintiff did not receive them.

4

Case No. 8:12-CV-1755-T-17TBM

Plaintiff requests an order directing Defendant to serve Plaintiff via certified mail.

Defendant responds that copies of the Motions were mailed to Plaintiff, and Defendant moved to amend the case management report before the Court issued its scheduling Order.

Plaintiff is proceeding pro se and therefore does not receive service via CM/ECF. Defendant has served Plaintiff with documents via U.S. Mail in the past, and will continue to do so.

After consideration, the Court **denies** the Motion to Strike.    Plaintiff may consent to receive service via e-mail by providing an e-mail address for electronic confirmation of delivery; otherwise, Defendant shall continue to mail documents to Plaintiff via U.S. Mail.  Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss is **granted;** Plaintiff shall file a Second Amended Complaint within fourteen days as specified above.  The Motion to Strike is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 12th day of November, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record