UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID RIGGINS,

       Plaintiff,

v.                           CASE NO.  8:12-CV-1755-T-17TBM

POLK COUNTY, etc.,

       Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 20   Motion for Clarification
Dkt. 22   Motion to Dismiss Second Amended Complaint With Prejudice
Dkt. 23   Response

In the Court's Order (Dkt. 19), the Court granted Defendant's Motion to Dismiss the Amended Complaint, with leave to file a Second Amended Complaint which excluded the Title VII claim and which included specific allegations as to Plaintiff's equal protection claim.  The Court also granted leave to Plaintiff to file an Amended Complaint which included D.C. Riggins, Inc., the real party in interest, as Plaintiff. Plaintiff signed the Amended Complaint (Dkt. 11) in his capacity as President of D.C. Riggins, Inc.  Plaintiff Riggins filed a Second Amended Complaint (Dkt. 21) which does not include D.C. Riggins, Inc. as a plaintiff, and which is signed as an individual.

Case No. 8:12-CV-1755-T-17TBM

B.  Real Party in Interest

1.  Motion for Clarification

The Motion for Clarification includes Plaintiff's request for reconsideration of the Court's determination that D.C. Riggins, Inc. is the real party in interest and shall be added as a plaintiff.

Plaintiff Riggins argues that D.C. Riggins, Inc. is not the real party in interest, and Plaintiff is asserting his personal claim for race and gender discrimination.  Plaintiff Riggins argues that Defendant Polk Count considered the race and gender of Plaintiff Riggins in the decision not to award Quote 12-037 to Plaintiff, thereby discriminating against Plaintiff personally.  Plaintiff Riggins further argues that, if the real party in interest is D.C. Riggins, Inc., Plaintiff Riggins will not be allowed to defend his constitutional rights as a pro se plaintiff, denying Plaintiff his right to due process of law. Plaintiff Riggins requests reconsideration of the Court's determination that D.C. Riggins, Inc. is the real party in interest, and clarification of the time Plaintiff has to obtain counsel.  Plaintiff Riggins argues that requiring Plaintiff Riggins to obtain counsel to represent D.C. Riggins, Inc., in compliance with Local Rule 2.03(e), would increase his costs, create an additional burden on Plaintiff, and create an unfair advantage in favor of Defendant Polk County.  Plaintiff Riggins requests that the Court allow Plaintiff to represent D.C. Riggins, Inc. rather than requiring Plaintiff Riggins to obtain counsel based on a position title in his signature block which has since been removed.  In the alternative, Plaintiff requests that the Court assist Plaintiff in obtaining counsel to represent D.C. Riggins, Inc.

2

Case No. 8:12-CV-1755-T-17TBM

A. Standard of Review

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., 2005 WL 1053691 (citing Lamar, 189 F.R.D. at 489 (M.D. Fla. 1999)).

B. Real Party in Interest

In determining that D.C. Riggins, Inc. is the real party in interest, the Court relied on the factual allegations of the Amended Complaint and the fact that Plaintiff signed the Amended Complaint in his capacity as President of D.C. Riggins, Inc.

In the Amended Complaint, Plaintiff Riggins alleged that Defendant violated Title VII of the Civil Rights Act of 1964 as amended in that Polk County's Policy on Minority Vendor Preference, Ordinance 10-005 guided the actions of the Procurement

3

Case No. 8:12-CV-1755-T-17TBM

Department Staff in determining the award of Quote 12-037 to the Minority vendor, thereby discriminating against Plaintiff due to his race and gender (Dkt. 11, p. 8). In the Second Amended Complaint, Plaintiff Riggins asserts that Polk County Ordinance 10-005 violates the constitutional right of Plaintiff Riggins to equal protection of the laws provided for by the Fourteenth Amendment to the United States Constitution (Dkt. 21, p. 8. par. 1).

In the Amended Complaint, Plaintiff alleges that Polk County Ordinance 10-005 is discriminatory against white males in that white males are required to bid five percent lower than non-white and non-male bidders to receive contracts awarded based upon Ordinance 10-005 (Dkt. 11, p. 2). Plaintiff alleges discrimination based upon race and gender in the award of Polk County quote 12-037 whereas Plaintiff was the lowest qualified bidder however failed to receive the contract award solely due to his race and gender in violation of Title VII of the Civil Rights Act of 1964, as amended (Dkt. 11, p. 1).

In the Second Amended Complaint Plaintiff alleges that Polk County Ordinance 10-005 is discriminatory against white males in that white males are required to bid five percent lower than non-white and non-male bidders to receive contracts awarded based upon Ordinance 10-005. (Dkt. 21, p. 2). Plaintiff Riggins alleges discrimination based upon race and gender in the award of Polk County quote 12-037 whereas Plaintiff was the lowest qualified bidder, however failed to receive the contract award due solely to his race and gender. (Dkt. 21, p. 2). Plaintiff alleges that Defendant violates Plaintiff's right to equal protection by requiring Plaintiff to bid 5% lower than other vendors to be awarded contracts based solely on his race and gender. (Dkt. 21, p. 8). Plaintiff Riggins alleges that Defendant Polk County invited Plaintiff to participate in the quote process, leading Plaintiff to a reasonable expectation of competitive fairness in the process and freedom from discrimination based upon his race and gender. (Dkt. 21, p. 2).

4

Case No. 8:12-CV-1755-T-17TBM

In the Amended Complaint, Plaintiff Riggins alleged an individual claim for race and gender discrimination in violation of Title VII.  In the Second Amended Complaint, Plaintiff Riggins alleged only an individual Section 1983 claim under the equal protection clause of the Fourteenth Amendment, and has not added D.C. Riggins, Inc. as a plaintiff.  A corporation is a "person" within the meaning of Section 1983 who is entitled to assert  an equal protection claim.  Primera Iglesia Bautista Hispana v. Broward County, 450 F.3d 1295 (11th Cir. 2006).  In the Amended Complaint and Second Amended Complaint, all of the factual allegations specifying Defendant's alleged violation involve Plaintiff's participation in the bid process; the Court understands the alleged constitutional violation to be the inability to compete on an equal footing in the bid process.

Plaintiff's Amended Complaint and Second Amended Complaint allege only a federal claim; therefore, the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida control.  Federal Rule of Civil Procedure 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest."  This procedural rule requires that the complaint be brought in the name of the party to whom the claim belongs, or the party who, according to the governing substantive law, is entitled to enforce the right.  As noted in the Comments to the 1966 amendment, the purpose of this rule is to protect the defendant against a subsequent action by the party actually entitled to recovery, and to insure generally that the judgment will have its proper effect as res judicata.

Pursuant to Fed. R. Civ. P. 17(b)(2), the law of the state of incorporation governs a corporation's capacity to sue or be sued.  In the Amended Complaint, Plaintiff alleged that D.C. Riggins, Inc. is a for profit corporation located in Hillsborough County (Dkt. 11. p. 2, par. 3).  The Court takes judicial notice of the fact that D.C. Riggins, Inc. is incorporated under Florida law; the Articles of Incorporation of D.C. Riggins, Inc. are public records.   Under Florida law, unless the articles of incorporation state otherwise,

5

Case No. 8:12-CV-1755-T-17TBM

every corporation has the same powers as an individual to do all things necessary or convenient to carry out its business and affairs, including the power to sue and be sued, complain and defend in its corporate name.  Sec. 607.0302(1), Florida Statutes.

In filing the Second Amended Complaint, Plaintiff complied with the Court's prior Order in removing the allegations of a Title VII violation and including allegations of an equal protection violation.  However, Plaintiff alleges only a personal claim and did not include D.C. Riggins, Inc. as a plaintiff; Plaintiff signed the Second Amended Complaint as an individual.    This does not change the fact that D.C. Riggins, Inc. participated in the bid process, and Plaintiff Riggins participated in the bid process in his capacity as President of D.C. Riggins, Inc.   Plaintiff Riggins does not conduct his business as an individual.    The Invitation to Quote was directed to vendor D.C. Riggins, Inc.

The Court finds that D.C. Riggins, Inc. has the capacity to sue in its own name, and is the real party in interest.    The Court therefore **denies** Plaintiff's Motion for Clarification to the extent that the Motion seeks reconsideration of the Court's previous determination of the real party in interest.

C.  Due Process

Plaintiff Riggins has argued that the Court's finding that D.C. Riggins, Inc. is the real party in interest, requiring D.C. Riggins, Inc. to be added as a plaintiff and requiring compliance with L.R. 2.03(e), will not allow Plaintiff Riggins to defend his rights as a pro se plaintiff, denying Plaintiff his right to due process.  Plaintiff Riggins requests that the Court permit Plaintiff Riggins to represent D.C. Riggins, Inc.

It is well settled that a non-lawyer is not permitted to represent a corporation in litigation.  Palazzo v. Gulf Oil Corp., 764 F.2d 138, 1385 (11th Cir. 1985); National Independent Theater Distributors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602

6

Case No. 8:12-CV-1755-T-17TBM

(11th Cir. 1984)(corporations must be represented by counsel; sole shareholder lacked standing to sue); Southwest Express Corp. v. ICC, 670 F.2d 53, 56 (5th Cir. 1982). The Court does not have the discretion to grant Plaintiff Riggins' request.

The Court takes Plaintiff's Motion for Clarification to be in part a request to appoint counsel, should Plaintiff add D.C. Riggins, Inc. as a party to Plaintiff's complaint.   The right to due process does not require the government to appoint counsel for a plaintiff in a civil case. Potashnick v. Port City Const. Co., 609 F.2d 1101, 1118 (5th Cir. 1980). The Court notes that  Plaintiff Riggins is not proceeding IFP, and even if IFP status had been granted, the Court could not appoint counsel for the corporation. Rowland v. California Men's Colony, Unit II Men's Advisory Counsel, 506 U.S. 194 (1993)(only natural persons could proceed IFP).

Plaintiff Riggins can represent himself as to any personal claim Plaintiff wants to pursue, but Plaintiff Riggins cannot represent the claims of D.C. Riggins, Inc. After consideration, the Court **denies** Plaintiff's Motion for Clarification as to this issue.

D.  Request for Clarification

The Court's prior Order (Dkt. 19) granted leave to file an amended complaint within fourteen days.   Plaintiff requests clarification of the deadline to obtain counsel. Since a corporation must be represented by counsel, and the amended complaint was due within fourteen days, the amount of time to obtain counsel was "within fourteen days." The Court specifically required compliance with Local Rule 2.03(e). Local Rule 2.03(e) spells out that "a corporation may appear and be heard only through counsel admitted to practice in the Court...." L.R. 2.03(e) answers Plaintiff's request for clarification, and is self-explanatory.

7

Case No. 8:12-CV-1755-T-17TBM

Plaintiff filed the Second Amended Complaint (Dkt. 21) but did not add D.C. Riggins, Inc. to that pleading.  At present, Plaintiff Riggins has continued to assert that Plaintiff Riggins is pursuing a personal claim only.  The Second Amended Complaint remains the operative pleading for this case.  The Case Management Order (Dkt. 12) set all pretrial deadlines for this case.  Plaintiff's Motion for Clarification did not suspend those deadlines.

After consideration, the Court **grants** Plaintiff's Motion for Clarification in part, clarifying that the deadline to obtain counsel was within fourteen days of the Court's prior Order.   The Court cannot appoint counsel for D.C. Riggins, Inc.  Since Plaintiff Riggins did not add D.C. Riggins, Inc. to the Second Amended Complaint, and argues that Plaintiff Riggins does not have the financial means to retain counsel if D.C. Riggins, Inc. is added as a plaintiff, the Court **denies** Plaintiff's Motion for Clarification in part as moot.

II. Motion to Dismiss Second Amended Complaint With Prejudice

Defendant Polk County moves to dismiss the Second Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's willful violation of the Court's Order to bring the lawsuit in the name of the corporation rather than individually. Defendant also moves to dismiss Plaintiff's claim alleging a violation of Plaintiff's equal protection rights based on race discrimination because the documents filed by Plaintiff with his Complaint contradict the allegation that his company was not awarded the contract at issue due to Plaintiff David Riggins's race.  According to the documents, the contract was awarded to a business owned by a white female, and David Riggins is a white male.

8

Case No. 8:12-CV-1755-T-17TBM

A. Standard of Review

1. Fed. R. Civ. P. 41(b)

Rule 41(b) makes clear that a trial court has discretion to impose sanctions on a party who fails to adhere to court rules. Fed. R. Civ. P. 41(b). But that discretion is not unlimited, and the "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir.1985). Dismissal with prejudice is not proper unless "the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005). Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct. McKelvey v. A T & T Techs, Inc., 789 F.2d 1518, 1520 (11th Cir.1986). In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation. See Link v. Wabash Railroad Co., 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). See Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006).

2. Fed. R. Civ. P. 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as

9

Case No. 8:12-CV-1755-T-17TBM

true is inapplicable to threadbare recitals of a cause of action's elements, supported by
mere conclusory statements. id., at 555.  Second, only a complaint that states a
plausible claim for relief survives a motion to dismiss.  Determining whether a complaint
states a plausible claim is context-specific, requiring the reviewing court to draw on its
experience and common sense. Id., at 556.  A court considering a motion to dismiss
may begin by identifying allegations that, because they are mere conclusions, are not
entitled to the assumption of truth.  While legal conclusions can provide the complaint's
framework, they must be supported by factual allegations.  When there are
well-pleaded factual allegations, a court should assume their veracity and then
determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v.
Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544
(2007).

B.  Dismissal With Prejudice

        Defendant Polk County argues that Plaintiff Riggins understands that the Court's
Order (Dkt. 20) requires Plaintiff to change the Plaintiff to the corporation, but Plaintiff
disagrees with the Court's Order.   Defendant Polk County argues that Plaintiff Riggins'
willful failure to comply is grounds to dismiss the Second Amended Complaint with
prejudice.

        Plaintiff responds Defendant's Motion to Dismiss should be denied based on
Fed. R. Civ. P. 17(a)(1)(G)(3),  in that the real party in interest has not been joined, due
to Plaintiff's pending Motion for Clarification.  Plaintiff argues that the Court should not
take the failure to include D.C. Riggins, Inc. as a party to the Second Amended
Complaint as a willful failure to obey a court order.

        Fed. R. Civ. P. 41 applies to violations of the Court's pretrial orders.  In
determining whether dismissal under Rule 41(b) is appropriate, the Court considers

Case No. 8:12-CV-1755-T-17TBM

whether a party has engaged in a clear pattern of delay or willful contempt, or contumacious conduct, and no lesser sanction will suffice.  Pro se plaintiffs are required to comply with the Court's orders.  Plaintiff Riggins alone is responsible for the content of the pleadings, and the strategic decisions Plaintiff has made.  In this case, Plaintiff Riggins, proceeding pro se, requested reconsideration of the  Court's determination that D.C. Riggins, Inc. is the real party in interest, and therefore did not comply with the Court's Order to add D.C. Riggins, Inc. as a plaintiff.   The Court has denied Plaintiff's Motion for Clarification, again finding that D.C. Riggins, Inc. is the real party in interest.

Plaintiff Riggins has overlooked obvious undisputed facts in attempting to avoid compliance with L.R. 2.03(e).  To the present day, Plaintiff Riggins continues to assert only a personal claim.  Plaintiff Riggins contends that Plaintiff cannot retain counsel in the event that D. C. Riggins, Inc. is added as a plaintiff.  The Court cannot permit a non-lawyer to represent D.C. Riggins, Inc.

After consideration, the Court finds that Plaintiff has not engaged in a clear pattern of delay or willful contempt, or contumacious conduct, and therefore **denies** Defendant's Motion to Dismiss With Prejudice.

C. Dismissal of Claim Based on Race Discrimination

Defendant Polk County argues that, as a matter of law, Plaintiff Riggins cannot maintain a cause of action for violation of equal protection rights on the basis of race discrimination.  Defendant argues that Plaintiff's corporation, D.C. Riggins, Inc., lost a contract to another corporation that is identified in e-mail and regular correspondence attached to Plaintiff's Complaint (Dkt. 1) as a registered "Woman Business Enterprise" owned by a "white woman."  Defendant argues that the contract was awarded to the Woman Business Enterprise rather than to D.C. Riggins, Inc. on the basis of the owner's gender, not race, and that Plaintiff cannot state a cause of action for a violation

11

Case No. 8:12-CV-1755-T-17TBM

of equal protection rights on the basis of race discrimination when the business awarded the contract is owned by a person of the same race as Plaintiff. Foubert v. Jackson, 2006 WL 2054353 (M.D. Fla. 2006)(where person hired was same race as plaintiff, plaintiff cannot state prima facie cause of race discrimination); Davis v. State, 691 So.2d 1180, 1182 (Fla. 3d DCA 1997)(discrimination could only occur among members of same race if discrimination is based on gender or some other basis).

Plaintiff responds that the Vendor Preference Policy in Polk County Ordinance 10-005 does not differentiate between Women and Minorities when applying the Vendor Preference. Plaintiff argues that "if Plaintiff were any race other than white, he would have been awarded the contract at issue based upon Polk County Ordinance 10-005; therefore, Plaintiff's race was clearly as much a part of the decision not to award the contract to Plaintiff as was his gender." (Dkt. 23, p. 4).

This case includes Plaintiff's as-applied challenge to Defendant's Ordinance 10-005, based on the application of Ordinance 10-005 to the bid process of Quote 12-237. A facial challenge seeks to invalidate a statute or regulation itself; it asserts that the statute always operates unconstitutionally. DA Mortgage, Inc. v. City of Miami Beach, 486 F.3d 1254, 1262 (11th Cir. 2007). In general, a plaintiff asserting a facial challenge has the burden of demonstrating that no set of conditions exists under which the statute would be valid. Indigo Room, Inc. v. City of Fort Myers, 710 F.3d 1294, 1302 (11th Cir. 2013). An as-applied challenge addresses whether a law is unconstitutional on the facts of a particular case or to a particular party. Because an as-applied challenge asserts a statute cannot be constitutionally applied in particular circumstances, it requires the development of a factual record for the court to consider. See Siegel v. LePore, 234 F.3d 1163, 1171 (11th Cir. 2000).

Plaintiff's challenge to Ordinance 10-005 came about after Quote 12-037 was awarded to American Hydraulics, Inc., as a registered WBE. The Second Amended

12

Case No. 8:12-CV-1755-T-17TBM

Complaint includes allegations that Defendant discriminated against Plaintiff Riggins on the basis of race and gender in awarding Quote 12-037, in that Plaintiff was the lowest qualified bidder but failed to receive the award of the contract.  After considering the allegations of the Second Amended Complaint, the Court finds that Plaintiff is seeking to vindicate Plaintiff's own rights.

In determining a motion to dismiss under Rule 12(b)(6) , the Court ordinarily considers only the allegations of the complaint.   The Court considers Defendant's Motion to Dismiss to be a motion for judgment on the pleadings under Rule 12(c). Since Defendant relies on materials outside of the Second Amended Complaint, the Court finds it is necessary to consider Defendant's Motion as a motion for summary judgment. Fed. R. Civ. P. 12(d).  Since Defendant has incorporated Defendant's Motion to Dismiss into Defendant's Motion for Summary Judgment by reference, the Court denies the Motion to Dismiss without prejudice, and will consider the issue in the context of  Defendant's Motion for Summary Judgment.

**ORDERED** that Plaintiff's Motion for Clarification (Dkt. 20) is: 1) **denied** as to reconsideration of the real party in interest; 2) **denied** as to denial of due process and request for appointment of counsel; 3) **granted** in part as to clarification of time to obtain counsel and **denied** in part as moot; Defendant's Motion to Dismiss Second Amended Complaint With Prejudice (Dkt. 22) is **denied**, and Motion to Dismiss Race Discrimination Claim (Dkt. 22) is **denied without prejudice**.

Case No. 8:12-CV-1755-T-17TBM

**DONE and ORDERED** in Chambers, in Tampa, Florida on this
8th day of August, 2014.


ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

14