UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID RIGGINS,

        Plaintiff,

vs.                               CASE NO. 8:12-CV-1755-T-17TBM

POLK COUNTY, a political
subdivision of the State of
Florida,

_____/

ORDER

This cause is before the Court on:

Dkt. 26    Motion for Summary Judgment
Dkt. 27    Statement of Undisputed Facts
Dkt. 28    Affidavit
Dkt. 29    Response

Defendant Polk County moves for summary judgment on the Second Amended Complaint. Plaintiff Riggins opposes Defendant's Motion.

I. Standard of Review

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> "The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the

Case No. 8:12-CV-1755-T-17TBM

burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are...irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson, 477 U.S. at 248. But, "[i]f the evidence is merely colorable...or is not significantly probative...summary judgment may be granted." Id. at 249-50.

II. Motion for Summary Judgment

A. Standing

Defendant has filed a Motion for Summary Judgment on the merits of this case, to which Plaintiff Riggins has filed a response. Neither party has addressed Plaintiff's standing. The Court is required to inquire into the issue of standing sua sponte whenever it may be lacking. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005).

The issue of standing is distinct from the "real party in interest" issue. Standing is determined as of the commencement of a lawsuit.   Lujan v. Defenders of Wildlife, 504 U.S. 555, 570 (1992).   Federal courts are courts of limited jurisdiction; jurisdiction is limited to situations in which there is a justiciable "case or controversy" between the litigants. The Court has an independent obligation to examine its jurisdiction. University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Whether a party is the real party in interest is a waivable issue; however,

2

Case No. 8:12-CV-1755-T-17TBM

standing is not an issue that can be waived.  If a district court determines that there is
no standing, therefore no subject matter jurisdiction, the district court cannot hear the
merits of the case.  Where a jurisdictional issue implicates the merits of a complaint,
and the Court has some doubt as to its jurisdiction, it is appropriate to permit discovery
to proceed, and for the Court to resolve the jurisdictional issue on a complete record.

The elements of standing are not mere pleading requirements, but an
indispensable part of the case; each element must be supported in the same way as
any other matter on which the plaintiff bears the burden of proof, in the manner and
with the degree of evidence required at successive stages of litigation.  At the pleading
stage, general factual allegations of injury may suffice, since it is presumed that general
allegations embrace the specific facts necessary to support the claim.  In response to a
motion for summary judgment, the plaintiff must set forth by affidavit or other evidence
specific facts which will be taken as true for the purpose of the motion for summary
judgment.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  A plaintiff must
demonstrate standing for each claim he seeks to press and for each form of relief that
is sought.  Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528
U.S. 167, 185 (2000).

At the pleading stage, the Court accepts the factual allegations of the complaint
as true.   However, the duty to accept the facts of the complaint as true does not
require that the Court ignore the specific factual details of the pleading in favor of
general or conclusory allegations.  When the exhibits contradict the general and
conclusory allegations of the pleading, the exhibits govern.  See Associated Builders,
Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974).  In this case, the Second
Amended Complaint is the operative complaint, and Plaintiff Riggins has sought to
eliminate every reference to D.C. Riggins, Inc. from it.  Plaintiff has attached 4 exhibits:
Exhibits A, M, S and EEOC Form 5, Charge of Discrimination.  Plaintiff Riggins
attached additional exhibits to the initial Complaint,  including correspondence and e-

3

Case No. 8:12-CV-1755-T-17TBM

mails from Plaintiff to Defendant.

At the summary judgment stage, the Court can look beyond the four corners of the Second Amended Complaint, and consider other evidence in the record.  The Court takes judicial notice of the additional exhibits attached to the Complaint (Dkt. 1) in resolving the issue of standing.

There are constitutional as well as prudential requirements for standing.  Warth v. Seldin, 422 U.S. 490, 498-99 (1975).   As to the constitutional requirements, a plaintiff has Article III standing to assert a claim if: 1) [it] can show [it] suffered an injury that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; 2) the injury is fairly traceable to conduct of the defendant; and 3) it is likely, not merely speculative, that the injury will be redressed by a favorable decision. Kelly v. Harris, 331 F.3d 817, 819-20 (11th Cir. 2003).  "[The Court] ha[s] consistently stressed that a plaintiff's complaint must establish that he has a "personal stake" in the alleged dispute, and that the alleged injury suffered is particularized as to him."  Raines v. Byrd, 521 US 811, 818-19 (1997).   In this context, "particularized injury" means injury personal to the plaintiff.   The party invoking federal jurisdiction has the burden of proving standing.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  If a party cannot satisfy the constitutional standing requirements, the case lies outside the authority given to federal courts by Article III, and must be dismissed.

The Court must consider the following prudential requirements: 1) whether the plaintiff's complaint falls within the zone of interests protected by the statute or constitutional provision at issue: 2) whether the complaint raises abstract questions amounting to generalized grievances which are more appropriately resolved by the legislative branches; and 3) whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.  Harris v. Evans, 20 F.3d 1118, 1121 (11th Cir. 1994).

4

Case No. 8:12-CV-1755-T-17TBM

In the Second Amended Complaint, Plaintiff Riggins seeks injunctive relief as well as other forms of equitable relief, and the award of attorney's fees.  The Court notes that, in the Claim for Relief (Dkt. 21, p. 10), Plaintiff Riggins alleges that American Hydraulics, Inc. has benefitted financially from the award of the Contract 12-037, but Plaintiff  does not request the award of compensatory or nominal damages.   Where a party seeks injunctive relief, the plaintiff must demonstrate that he is likely to suffer future injury, that he is likely to suffer such injury at the hands of the defendant, and that the relief the plaintiff seeks will likely prevent such injury from occurring. <u>Association of Data Processing Serv. Orgs. v. Camp</u>, 397 U.S. 150, 152 (1970); <u>Simon v. Eastern Kentucky Welfare Rights Organization</u>, 426 U.S. 26, 38-41 (1976).

The Court notes that the Invitation to Quote was directed to D.C. Riggins, Inc. (Dkt. 1, p. 3).  The Instructions (Dkt. 1, pp. 11-13) request the submittal of quotes from **vendors** that are interested in providing all labor, equipment, materials and supplies necessary [for] Pump Station Maintenance.  The Instructions explain the Local Preference policy and define "Polk County entity":

> "Polk County entity" means any business having a physical location within the boundaries of Polk County at which employees are located and from which business is regularly transacted."

(Dkt. 1, p. 12).  The Instructions further explain the Vendor Preference policy and define "Women or Minority Owned Entity":

> The term "Women or Minority Owned Entity" means any business having at least 51% ownership by women or minority group members who independently control the management and day-to-day operations of the firm.  Group members are Females, African Americans, Hispanic Americans, Asian-Pacific Americans, Native Americans and Asian-Indian Americans.

The Vendor Preference Policy further provides that it does not supersede the Local

Case No. 8:12-CV-1755-T-17TBM

Preference Policy. (Dkt. 1, p. 12).

In the context of an equal protection challenge to a minority set-aside program for government contracts, the "injury-in-fact" required for standing is the inability to compete on an equal footing in the bidding process. Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville, Fla., 508 U.S. 656 (U.S. 1993)(injury-in-fact is denial of equal treatment resulting from imposition of barrier that makes it more difficult for members of one group to obtain benefit than members of another group, citing Turner v. Fouche, 396 U.S. 346 (1970)).   The same type of "injury-in-fact" is involved in this equal protection challenge to Defendant's Vendor Preference Policy as outlined in Defendant's Ordinance 10-005.  Plaintiff alleges that Polk County Ordinance 10-005 requires Plaintiff Riggins to bid 5% lower than other bidders to be awarded contracts [,] based solely on his race and gender (Dkt. 21, p. 8).

D.C. Riggins, Inc. was the business entity which submitted a quote to Defendant Polk County.  In general, an action to redress injuries to a corporation cannot be maintained by a stockholder in his own name, but must be brought in the name of the corporation; the shareholder's right to seek redress is derivative rather than direct, even where the individual is the sole stockholder.  Gregory v. Mitchell, 634 F.2d 199, 201 (5th Cir. 1981); Schaffer v. Universal Rundle Corp., 397 F.2d 893, 896 (5th Cir. 1968).

The Court understands Plaintiff Riggins to argue that Plaintiff Riggins is pursuing redress for his own injury independent of that of the corporation.  Plaintiff believes that this case should be tried in the name of Plaintiff David Riggins, personally.  (Dkt. 23, p. 2).  Plaintiff Riggins asserts that his personal constitutional right to equal protection has been violated by Defendant's alleged discrimination on the basis of race and gender. Plaintiff Riggins admits that **his company** participates in competitive bidding for municipal contracts.  (Dkt. 1, p. 17).  Plaintiff Riggins did not participate in the bid process in his personal capacity, but as an officer of D.C. Riggins, Inc., to submit the

6

Case No. 8:12-CV-1755-T-17TBM

bid of D.C. Riggins, Inc.  Plaintiff Riggins chose to do business as a corporation, and
Florida law recognizes that a corporate entity is separate from its shareholders.  Plaintiff
Riggins cannot accept the benefits of doing business as a corporation and then ignore
the separate corporate form when it is not convenient.   Although the Court directed
Plaintiff to add D.C. Riggins, Inc. as a plaintiff, Plaintiff Riggins did not do so, and
continues to assert a personal claim only.  Plaintiff could have withdrawn his objections
to the Court's determination of the real party in interest, but has not done so.

        A claim that is based on the deprivation of an abstract constitutional right is not
justiciable unless a legally protectable interest is at stake.  In the Second Amended
Complaint, Plaintiff Riggins does not allege a legally cognizable injury to Plaintiff which
is distinct from the harm suffered by D.C. Riggins, Inc.    Plaintiff's generalized claim of
"freedom from discrimination" is not sufficient.  The Court notes that the named
plaintiffs in many cases adjudicating a constitutional challenge to programs which
accord preferential treatment to minority contractors are either trade associations
(which can establish associational standing) or an individual business (which can
establish individual standing), for example:   Northeastern Florida Chapter of
Associated General Contractors of America v. City of Jacksonville, Fla., 508 U.S. 656
(1993); Adarand Constructors, Inc. v. Pena, 515 U.S. 200 (1995); Engineering
Contractors Ass'n of South Florida, Inc. v. Metropolitan Dade County, 122 F.3d 895
(11th Cir. 1997), cert. denied, 523 U.S. 1004(1998); W. H. Scott Construction Co., Inc. v.
City of Jackson, Miss., 199 F.3d 206 (5th Cir. 1999); Coral Construction Co. v. King
County, 941 F.2d 910 (9th Cir. 1991); Concrete Works of Colorado, Inc. v. City and
County of Denver, 36 F.3d 1513 (10th Cir. 1994); City of Richmond v. J.A. Croson Co.,
488 U.S. 469 (1989); Hershell Gill Consulting Engineers, Inc. v. Miami-Dade County,
Fla., 333 F.Supp.2d 1305 (S.D. Fla. 2004).

        The Court further notes that some cases include both a claim by the corporation
and an individual claim, e.g. Jana Rock Construction, Inc. and Rocco Luiere, Jr. v. New

7

Case No. 8:12-CV-1755-T-17TBM

York State Department of Economic Development. 438 F.3d 195 (2d Cir. 2006).   The
Court bases its legal conclusions on the undisputed facts of this case.  If Plaintiff
Riggins actually participated in the bid process, and conducted business, as a non-
corporate entity, that fact would alter the Court's analysis and conclusion.  See, e.g.,
Bras v. California Public Utilities Com'n, 59 F.3d 869 (9th Cir. 1995).  As it stands,
Plaintiff Riggins does business as a corporation which is not a party to this case;
therefore, there is no credible threat of enforcement of Ordinance 10-005 against
Plaintiff Riggins as an individual.  Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th
Cir. 1994)(a party has standing to seek injunctive relief only if the party alleges, and
ultimately proves, a real and immediate–as opposed to a merely conjectural or
hypothetical–threat of future injury).

        Because Plaintiff Riggins does not meet the constitutional requirements for
standing in that Plaintiff Riggins has not established an injury that is concrete and
particularized to Plaintiff, not conjectural and hypothetical, and which will be redressed
by a favorable decision, the Court concludes that the Court does not have subject
matter jurisdiction.  The Court therefore **dismisses** this case without prejudice for lack
of subject matter jurisdiction.  The Court **denies** Defendant's Motion for Summary
Judgment (Dkt. 26) as moot.

B.  Motion to Dismiss With Prejudice

        Defendant incorporates Defendant's Motion to Dismiss With Prejudice into
Defendant's Motion for Summary Judgment, which is based on Plaintiff's alleged willful
failure to add D.C. Riggins, Inc. as a plaintiff, and to obtain counsel as required by L.R.
2.03.

        In response, Plaintiff Riggins incorporates the issues raised in Plaintiff's Motion
for Clarification: 1) Plaintiff objects to the designation of D.C. Riggins, Inc. as the real

8

Case No. 8:12-CV-1755-T-17TBM

party in interest as it was the race and gender of Plaintiff Riggins personally that was considered when Defendant Polk County determined not to award the contract to Plaintiff; 2) Plaintiff will not be allowed to defend his constitutional rights as a pro se plaintiff, thereby denying Plaintiff his right to due process; 3) Defendant denies Plaintiff equal protection in that his race and gender put Plaintiff at a disadvantage when submitting bids to Defendant for solicited contracts; Polk County Ordinance 10-005 requires Plaintiff to bid 5% lower than other bidders to be awarded contracts based solely on his race and gender; 4) Requiring Plaintiff to obtain counsel would create an unfair advantage in favor of Defendant, in light of Plaintiff's limited financial means; 5) Plaintiff Riggins has had extreme difficulty obtaining counsel to represent him in this case; those willing to take the case required an "unfathomable retainer" which was not financially feasible.

To the extent that Defendant has incorporated Defendant's Motion to Dismiss Second Amended Complaint With Prejudice and to Dismiss Race Discrimination Claim into Defendant's Motion for Summary Judgment, the Court **denies** the Motions as moot, since the Court has concluded that the Second Amended Complaint should be dismissed for lack of subject matter jurisdiction.  Accordingly, it is

**ORDERED** that the Second Amended Complaint is **dismissed** without prejudice for lack of subject matter jurisdiction.  Defendant's Motion for Summary Judgment (Dkt. 26), with the incorporated Motions, is **denied** as moot.   The Clerk of Court shall close this case.

9

Case No. 8:12-CV-1755-T-17TBM

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 8th day of August, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

10